IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SPECTRASITE COMMUNICATIONS, LLC, a North Carolina Limited Liability Company<br>　　　　　Plaintiff,<br>vs.<br><br>CHICAGO HOUSING AUTHORITY, a Municipal Corporation organized under the Laws of the State of Illinois,<br>　　　　　Defendant. | Case No: 08 CV 3432<br><br>Judge Shadur<br>Magistrate Judge Cox |

## ANSWER TO COMPLAINT AT LAW

The Defendant, **CHICAGO HOUSING AUTHORITY, ("CHA")**, by and through their attorneys, Scott Ammarell, General Counsel, Thomas King, Assistant General Counsel and Pamela Cotten, Assistant General Counsel, and for their Answer to Complaint and Affirmative Defenses to Plaintiff's Complaint at Law answer as follows:

## THE PARTIES

1. SpectraSite Communications is a Delaware limited liability company with its principal place of business in Boston, Massachusetts. The sole member of SpectraSite Communications is SpeectraSite, LLC, a Delaware limited liability company with its principal place of business in Boston, Massachusetts. SpectraSite, LLC's sole member is American Tower Corporation, a Delaware corporation with its principal place of business in Boston, Massachusetts.

**ANSWER:** The CHA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.

2. SpectraSite Communications develops and manages build-to-site tower and rooftop antenna networks and provides site acquisition and site management services for major wireless communication companies.

> **ANSWER**: The CHA lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2.

3. CHA is a municipal corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

> **ANSWER**: The CHA admits the allegations contained in Paragraph 3.

4. CHA engages in the development, acquisition, leasing, operation and administration of a Low Rent Housing Program and other federally assisted programs. The CHA's housing portfolio assets are situated throughout the City of Chicago.

> **ANSWER**: The CHA admits its housing portfolio assets are situated throughout the City of Chicago. The CHA denies the remaining allegations contained in Paragraph 4.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over the subject matter in this case pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and complete diversity of citizenship exists between the parties.

> **ANSWER**: The CHA denies the allegations contained in Paragraph 5. Upon information and belief, Apex Site Management, L.P., may not have been a legal entity and was therefore unable to enter into a valid contract at the time of its inspection.

6. This Court has personal jurisdiction over the Defendant because it is organized under the laws of the State of Illinois and does business within the State of Illinois.

> **ANSWER**: The CHA admits the allegations contained in Paragraph 6.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a) because CHA conducts its operations and business within this judicial district and the transaction(s) complained of occurred in this judicial district.

> **ANSWER**: The CHA admits the allegations contained in Paragraph 7.

## FACTUAL ALLEGATIONS

8. In 1997, CHA entered into an agreement ("the Agreement") with Apex Site Management, L.P. ("APEX"). (A true and correct copy of the Agreement is attached as Exhibit A).

> **ANSWER:** The CHA lacks knowledge or information to form a belief that Exhibit A is a true and correct copy of the Agreement.

9. The Agreement designates Apex as CHA's exclusive representative and Manager to license and manage sites on the rooftops of certain CHA buildings for use as wireless communications transmitting sites. (Ex. A. ¶ 3).

> **ANSWER:** The CHA admits the allegations contained in Paragraph 9.

10. The Agreement provides that the Manager is entitled to receive a Base Management Fee equal to 25% of the Aggregate License Fees collected from wireless carriers. (Ex. A, ¶ 5(a)).

> **ANSWER:** The CHA admits the allegations contained in Paragraph 10.

11. SpectraSite Communications is Apex's successor-in-interest. As Manager under the Agreement, SpectraSite Communications continues to perform the Management functions set forth in the Agreement, with include, *inter alia,* inventory and assessment services for equipment located on CHA properties, evaluation of CHA properties for use as transmitting sites, marketing and promotion of CHA properties, negotiation of license agreements and collection and administration of license fees from licenses using CHA properties as transmitting sites. (Ex. A, ¶, 3).1

> **ANSWER:** The CHA lacks knowledge or information sufficient to form a belief that SpectraSite Communications is Apex's successor-in-interest. The CHA denies the remaining allegations contained in Paragraph 11. SpectraSite Communications never acted as Manager under the Agreement.

3

12. From the inception of the Agreement's term through approximately the Fall 2006, the Manager received full payment of the Management Fees directly from the wireless carriers consistent with the Manager's obligation to collect and remit portions of those fees to CHA.

**ANSWER:** The CHA denies the allegations contained in Paragraph 12.

13. During the fall of 2006, however, CHA, unilaterally and without authority or consideration of the Manager, instructed various wireless carriers to begin making payments directly to CHA.

**ANSWER:** The CHA denies the allegations contained in Paragraph 13.

14. Since the time it directed payments to be sent directly to it, CHA has failed to pay any Management Fees to the Manager.

**ANSWER:** The CHA admits the allegations contained in Paragraph 14.

15. CHA's obligation to make timely payment to the Manager remains, irrespective of CHA's instruction to the wireless carriers that they pay CHA directly.

**ANSWER:** The CHA denies the allegations contained in Paragraph 15.

16. SpectraSite Communications has at all times since the fall 2006 continued to fully perform its managerial responsibilities under the Agreement.

**ANSWER:** The CHA denies the allegations contained in Paragraph 16.

17. As of the end of March 2008, CHA owes SpectraSite Communications in excess of $115,000.00 in unpaid Base Management Fees.

**ANSWER:** The CHA denies the allegations contained in Paragraph 17.

18. Demand has been made upon CHA to promptly tender payment of the unpaid amounts, and CHA has refused to do so.

**ANSWER:** The CHA admits the allegations contained in Paragraph 18.

## COUNT I
## BREACH OF CONTRACT

19. Paragraphs 1 through 18 are reincorporated by reference and realleged as Paragraph 19.

**ANSWER:** The CHA repeats and realleges its answer to Paragraph 1 through 18 and are reincorporated by reference to Paragraph 19.

20. A contract exists between Spectraite Communication and CHA as set forth in the Agreement attached hereto as Exhibit A.

**ANSWER:** The CHA denies the allegations contained in Paragraph 20.

21. SpectraSite Communications has fully performed and continues to fully perform its managerial responsibilities under the Agreement.

**ANSWER:** The CHA denies the allegations contained in Paragraph 21.

22. CHA's direction to various wireless carries to issue payment directly to it instead of the Manager is a breach of the Agreement. (Ex. A, ¶ 3(i)).

**ANSWER:** The CHA denies the allegations contained in Paragraph 22.

23. CHA's failure to pay the Manager the Basic Management Fees owed under the Agreement, despite continuing to receive those fees directly from various wireless carriers, is a breach of the Agreement. (Ex. A, ¶ 5(a)).

**ANSWER:** The CHA denies the allegations contained in Paragraph 23.

24. As a result of CHA's breach of its contractual obligations, SpectraSite Communications has suffered damages in excess of $115,000.00.

**ANSWER:** The CHA denies the allegations contained in Paragraph 24.

## PRAYER FOR RELIEF

Wherefore, the Chicago Housing Authority prays that this Honorable Court dismiss the Plaintiff's Complaint against it with prejudice and enter judgment in favor of the Chicago Housing Authority with costs.

Respectfully Submitted,                    Respectfully Submitted,

Office of the General Counsel              Office of the General Counsel
Chicago Housing Authority                  Chicago Housing Authority

By: _____                By: _____
    Thomas B. King                             Pamela Cotten
    Assistant General Counsel                  Assistant General Counsel


Thomas B. King
Pamela Cotten
CHICAGO HOUSING AUTHORITY
Office of the General Counsel
60 E. Van Buren – 12th fl.
Chicago, IL  60605
(312) 913-7104/sw

**CERTIFICATE OF SERVICE**

  The undersigned Assistant General Counsel for the Chicago Housing Authority hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General order on Electronic Case Filing (ECF), the following document: **Defendant, Chicago Housing Authority's Answer to Complaint at Law**

  was served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by first class mail on July 10, 2008 to the following non-ECF filers:

  David M. Rownd, Esq.
  Timothy L. Binetti, Esq.
  Thompson Coburn LLP d/b/a
  Thompson Coburn Fagel Haber
  55 East Monroe Street, 40th floor
  Chicago, Illinois  60603

_____  
Thomas B. King  
Chicago Housing Authority  
Office of the General Counsel  
60 E. Van Buren, Suite #1200  
Chicago, IL  60605

_____  
Pamela Cotten  
Chicago Housing Authority  
Office of the General Counsel  
60 E. Van Buren, Suite #1200  
Chicago, IL  60605